Floyd W. Bybee, #012651
**Law Office of**
**Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Barbara Timms,** an individual;  <br><br>Plaintiff,  <br><br>v.  <br><br>**Thomas Landis,** d.b.a. Law Office of Thomas Landis, Esq.;  <br><br>Defendant. | No.  <br><br>COMPLAINT  <br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA.  Plaintiff seeks to recover her actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. Parties

9. Plaintiff, Barbara Timms, is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt.

11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

12. Defendant Thomas Landis, d/b/a Law Office of Thomas Landis, Esq., is an individual residing in Pennsylvania and who collects debts from Arizona consumers.

13. Landis is no licensed to practice law in the State of Arizona.

14. Landis regularly collects or attempts to collect debts owed or asserted to be owed or due another.

15. Landis is a "debt collector" as defined by FDCPA § 1692a(6).

16. Landis created the collection policies and procedures utilized by the attorneys and other employees of his law firm.

17. Landis manages the daily collection operations of his law firm, and oversees the application by his attorneys and other employees of his collection policies and procedures.

### V. Factual Allegations

18. Sometime prior to October 7, 2008, Landis was assigned, for collection purposes, a debt allegedly owed by Plaintiff to Cavalry Portfolio Services.

19. The alleged debt was originally owed to Room Source.
20. The alleged debt was incurred primarily for personal, family, or household purposes.
21. On October 7, 2008, Landis sent a letter to Plaintiff concerning the alleged debt owed to Cavalry Portfolio Services. A copy of the October 7, 2008 letter is attached hereto as Exhibit A and incorporated herein.
22. In the October 7, 2008 letter, Landis states "This is a demand for full payment because you have had ample time to pay your creditor . . . However, if you decide not to contact this office, our client may consider all available remedies to recover on the balance due, which may include an attorney review of your account."
23. Exhibit A is the first written communication from Landis to Plaintiff concerning the Cavalry Portfolio Services debt.
24. After receiving Exhibit A, Plaintiff sent Landis a letter disputing the debt and stating that she refused to pay the debt because it was beyond the statute of limitations.
25. Landis received Plaintiff's letter on October 24, 2008.
26. On November 7, 2008, Landis sent Plaintiff a second demand letter. A copy of the November 7, 2008 letter is attached hereto as Exhibit B and incorporated herein.
27. In the November 7, 2008 letter, Landis states that "You have failed to respond to our first letter. . . However, if you decide not to contact this office, our client may consider all available remedies to recover on the balance due, which may include an attorney review of your account."
28. At no time prior to sending Exhibit B to Plaintiff had Landis provided

1 | Plaintiff with any verification of the alleged debt.

2 | 29. Landis has never provided verification of the alleged debt to Plaintiff.

3 | 30. As a result of Defendant's actions outlined above, Plaintiff has suffered emotional damages.

5 | 31. Defendant's actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

8 | 32. In the alternative, Defendant's actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692g.

35. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a) Statutory damages of $1,000 pursuant to §1692k;

    b) Actual damages in an amount to be determined by trial;

    c) Costs and reasonable attorney's fees pursuant to §1692k; and

1      d)    Such other relief as may be just and proper.

3      DATED   November 26, 2008   .

                          s/ Floyd W. Bybee
                          Floyd W. Bybee, #012651
                          Law Office of
                          Floyd W. Bybee, PLLC
                          4445 E. Holmes Ave., Ste. 107
                          Mesa, AZ 85206-3398
                          Office:  (480) 756-8822
                          Fax: (480) 302-4186
                          floyd@bybeelaw.com

                          Attorney for Plaintiff